2004 OK CIV APP 22

**CELESTICA INC. and The Hartford Insurance Company of the Midwest, Petitioners,**

v.

**Phyllis G. HINES, Lucent Technologies, Liberty Mutual Insurance Company, and The Workers' Compensation Court, Respondents.**

No. 99,354.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 18, 2003.

Certiorari Denied Feb. 23, 2004.

James S. Daniel, Paul A. Scott, Paul Scott & Associates, Oklahoma City, OK, for Petitioners.

Arlen E. Fielden, Crowe & Dunlevy, Oklahoma City, OK, for Respondents Lucent Technologies and Liberty Mutual Insurance Company.

Opinion by KENNETH L. BUETTNER, Judge.

¶ 1 Petitioners Celestica Inc. and The Hartford Insurance Company of the Midwest (Celestica) seek review of an order of the Workers' Compensation Court which found that Respondent Phyllis G. Hines had sustained a work-related cumulative trauma injury and ordered Celestica, as Hines's last employer for more than 90 days, to pay all of the compensation award. Celestica asserts that the trial court should have apportioned liability for compensation between it and Re-spondent Lucent Technologies (Lucent). Because we find the trial court correctly applied the statutory provision for determining liability between subsequent employers, we sustain its order.

¶ 2 In her Form 3 filed February 18, 2003, Hines asserted that she suffered cumulative trauma injuries to the hands, arms, and shoulders while employed by Lucent and Celestica. Hines listed November 2001 as the date of last exposure, but indicated the injury was aggravated in April 2002. Celestica filed its Form 10 March 29, 2003, in which it denied that Hines had sustained an injury arising out of and in the course of her employment.

¶ 3 Trial was held May 7, 2003, and the Workers' Compensation Court issued its Order May 16, 2003. In its Order, the court found that Hines had sustained cumulative trauma injuries to the left hand, left thumb, left arm, right arm, left shoulder, and neck arising out of and in the course of her employment. The court ordered temporary total disability from March 15, 2003 and continuing. Pertinent to this review proceeding, the court found that Hines worked for Lucent from the time Lucent took over the plant from A.T. & T. in 1996 and continuing until December 1, 2001. The court found that Hines sustained cumulative trauma to the body parts listed throughout that period of time. The court further found that Hines worked for Celestica from December 1, 2001 to March 14, 2003 and that she sustained cumulative trauma to the body parts listed throughout that period of time as well. The court noted that 85 O.S.2001 § 11(B)(5) provides that in cumulative trauma cases, "the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of a least ninety (90) days or more ... shall alone be liable therefor, without right of contribution from any prior employer...." The court therefore concluded that Celestica was liable for all the benefits awarded. The court denied Celestica's argument that Section 11(B)(5) was inapplicable in this case. The court also denied Celestica's assertion that application of Section 11(B)(5) would result in a miscarriage of justice.

¶ 4 Decisions of fact made by the Workers' Compensation Court will be sustained if they are supported by competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. In this case the parties have not challenged the court's factual findings. Instead, Celestica has raised a legal challenge to the applicability of § 11(B)(5). We review the Workers' Compensation Court's decisions on issues of law *de novo. B.E. & K. Const. v. Abbott,* 2002 OK 75, 59 P.3d 38, n. 1.

¶ 5 In this review proceeding, Celestica challenges the application of 85 O.S.2001 § 11(B)(5). That subsection provides:

B.   Liability of any person, firm, or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under the Workers' Compensation Act, when other than the immediate employer of the injured employee, shall be as follows:

* * *

5.   Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor, without right of contribution from any prior employer or insurance carrier. If there is no employer in whose employment the employee was last injuriously exposed to the trauma for a period of at least ninety (90) days, then the last employer in whose employment the employee was last injuriously exposed to the trauma and the insur-

ance carrier, if any, on the risk when such employee was last so exposed under such employer, shall be liable therefor, with right to contribution from any prior employer or insurance carrier.

Subsection 11(B)(5) became effective October 23, 2001. Hines began working for Celestica December 1, 2001, after the effective date of the statute.

¶ 6 Before the enactment of subsection 11(B)(5), in cumulative trauma cases involving multiple employers, the Workers' Compensation Court apportioned the compensation award among the employers. See *Kerr Glass Co. v. Wilson,* 1994 OK CIV APP 69, 880 P.2d 414. In *Kerr Glass,* the claimant was employed by Kerr Glass for over nine years until Ball Incon Glass took over the plant. Six months later, the claimant sought workers' compensation benefits for cumulative trauma injuries. The Workers' Compensation Court apportioned the compensation award between Kerr Glass (95%) and Ball Incon Glass (5%). On appeal, Kerr Glass argued that Ball Incon should be held solely liable based on the last injurious exposure rule. Kerr Glass asserted that the Workers' Compensation Act previously had been amended to provide that the statute of limitations for cumulative trauma injuries began to run on the date of last injurious exposure, citing 85 O.S.1991 § 43(A). Kerr Glass also asserted that 85 O.S.1991 § 11(4)[1] provided that in cases of *occupational disease,* the employer in whose employment the employee was last injuriously exposed was solely liable, without right of apportionment. Kerr Glass argued that because both statutes used the last injurious exposure as the relevant date, then compensation for cumulative trauma cases should not be apportioned, and that

---

1.   Now § 11(B)(4), that section provides:

B.   Liability of any person, firm, or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under the Workers' Compensation Act, when other than the immediate employer of the injured employee, shall be as follows:

* * *

4.   Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and the

insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier; provided, however, that in the case of silicosis or asbestosis, the only employer and insurance carrier liable shall be the last employer in whose employment the employee was last exposed to harmful quantities of silicon dioxide ($SiO_2$) dust on each of at least sixty (60) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer.

instead, the employer in whose employment the claimant was last injuriously exposed should be solely liable.

¶ 7 The Court of Civil Appeals responded, however, that 85 O.S.1991 § 11(4) addressed only occupational disease, which it distinguished from cumulative trauma. *Id.* at ¶ 14. The court recognized its earlier holdings which rejected application of the last exposure rule to cumulative trauma cases and instead apportioned liability between multiple employers. *Id.* at ¶ 13.[2] In *Kerr Glass,* the court opined "(i)f the Legislature had intended § 11(4) to apply to cumulative trauma injuries, it would have so provided by expressly amending that section." *Id.* at ¶ 16. The court sustained the order apportioning the compensation award between the two employers. *Id.* at ¶ 18.

¶ 8 The Oklahoma Supreme Court reiterated the distinction between cumulative trauma and occupational disease in *Rankin v. Ford Motor Co.,* 1996 OK 94, 925 P.2d 39. Celestica urges in this proceeding that *Rankin* established that the date of injury in cumulative trauma cases is the date of awareness. In *Rankin,* the claimant worked for only one employer, but the parties disputed whether the date of awareness or date of last exposure was the "time of injury" and therefore the date on which compensation rates were calculated. The court noted that the Court of Civil Appeals had previously analogized cumulative trauma cases to occupational disease cases, but in *Rankin,* the court rejected that analogy and held that the date of awareness is the date of injury for purposes of setting the compensation rate in cumulative trauma cases. *Id.* at ¶¶ 4–5. The court then offered the following analysis of the statutory distinction between cumulative trauma and occupational disease:

The significance of the distinction between accidental injury and occupational disease is that under 85 O.S.1991 § 11.4, 'where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuri-

ously exposed to the hazards of such disease ... shall alone be liable therefore, without right of contribution from any prior employer.' ... This requirement is ordinarily referred to as the 'last exposure doctrine.'

The last exposure doctrine applies only in occupational disease cases, not in cumulative trauma cases with regard to wage rate disputes. For statute of limitations purposes, the time to file a claim of this type starts with the date of last exposure. In this case, however, the statute of limitations is not an issue.

Both the legislature and this court have drawn a clear distinction between cumulative trauma cases, which are accidental injuries, ... and occupational disease.

*Id.* at ¶¶ 7–9. The court went on to conclude that the amendment of the statute of limitations for cumulative trauma cases to the date of last exposure did not amend the date of injury for cumulative trauma cases to the date of last exposure simply because § 11(4) provided for the last exposure doctrine in occupational disease cases. Id. at ¶ 11.

¶ 9 Since *Kerr Glass* and *Rankin,* the Legislature has amended § 11 by adding subsection 11(B)(5), which is substantially similar to the prior § 11(4), except that § 11(B)(5) expressly applies the last exposure doctrine to cumulative trauma cases, while § 11(B)(4) remains the statute addressing the last exposure doctrine regarding occupational disease. The only difference is that a claimant must have worked for the last employer for 90 days before the last employer will be held solely liable for the compensation in a cumulative trauma case. The distinction made in *Kerr Glass* and *Rankin,* followed by the amendment to § 11, requires our conclusion that the Legislature intended to make the last exposure doctrine apply to cumulative trauma cases, both for determination of the date of injury and for the determination of the liable employer in cases of multiple employers. For this reason, we disagree with Celestica's contention that the

**2.** Citing *Pauley v. Lummus Construction,* 1992 OK CIV APP 96, 836 P.2d 692 (declined to follow by *Oklahoma Petroleum Workers' Compensation Ass'n v. Mid–Continent Cas. Co.,* 1994 OK CIV APP 107, 887 P.2d 335, based on finding that cumulative hearing loss not divisible), and *Lummus Construction v. Vancourt,* 1992 OK CIV APP 113, 838 P.2d 43.

application of § 11(B)(5) in this case resulted in an impermissible retroactive effect. Additionally, even if we were to conclude that the awareness doctrine continued to determine the date of injury, despite the amendment to § 11, the Workers' Compensation Court found that Hines became aware of her work-related injury November 1, 2001, which was after the effective date of § 11(B)(5). We therefore also reject Celestica's argument that the compensation award must be apportioned using the law in effect at the time of injury.

█ ¶ 10 Celestica's remaining argument is that § 11(B)(5) violates its constitutional due process rights to notice. We first note that Celestica took over the plant after the effective date of the statute and was charged with notice of the law in effect at that time. Additionally, Celestica has failed to cite any authority to support its argument that the last exposure rule is unconstitutional. Indeed, the last exposure doctrine, in occupational disease cases, has long been upheld. See *Parks v. Flint Steel Corp.*, 1988 OK 64, 755 P.2d 680, which explained:

> In Oklahoma, the last injurious exposure rule is designed to apply in situations where an employee contracts an "occupational disease," and then establishes that such disability resulted from causal conditions at two or more places of successive employment. *Smith v. Workers' Compensation Court*, 618 P.2d 942 (Okl.1980). The substantive nature of the rule assigns liability between successive employers. The rule also relieves the employee from proving specific medical causation as to any particular employer or insurance carrier of those potentially liable for the disability. Thus, the last employment that bears a causal relation to that disability, i.e. by providing some potentially causal conditions or contributory exposure, is deemed to have caused the disease, even though the employee has not proved the last employment was the actual cause of the disability.

*Id.* at 683. The *Parks* court then distinguished accidental injuries, including cumulative trauma cases, which it found were not governed by the last exposure doctrine. *Id.*

Accordingly, we find no support for Celestica's argument that the last exposure rule is unconstitutional. And, as noted above, the amendment of § 11 to add § 11(B)(5) shows a legislative intent to alter the holdings in *Parks, Rankin* and other cases which declined to apply the last exposure rule to cumulative trauma cases.

█ ¶ 11 Celestica has not challenged the trial court's factual findings. We have found no error of law in the court's application of the provisions of 85 O.S.2001 § 11(B)(5) to make Celestica solely liable for Hines's cumulative trauma injury where Celestica was the employer for at least 90 days during which time Hines was last exposed to the work-related harm. Accordingly, the order of the Workers' Compensation Court is SUSTAINED.

ADAMS, P.J., and JOPLIN, C.J., concur.