2005 OK CIV APP 86

**DOLLAR GENERAL CORPORATION,**
Petitioner,

v.

**INSTAFF PERSONNEL, Carpet Pro, William J. Carathers and The Workers' Compensation Court, Respondents.**

No. 101,783.

Court of Civil Appeals of Oklahoma,
Division No. 3.

June 17, 2005.

Rehearing Denied July 25, 2005.

Certiorari Denied Oct. 24, 2005.

Gary W. Farabough, Ted J. Pasley, Pasley & Farabough, Ardmore, OK, for Petitioner.

Catherine C. Taylor, Kelly M. Greenough, Perrine, McGivern, Redemann, Reid, Berry & Taylor, PLLC, Tulsa, OK, for Respondent Instaff Personnel.

John Colbert, Ardmore, OK, for Respondent William Carathers.

Barry Zlotogura, Edmond, OK, for Respondent Carpet Pro.

Opinion by CAROL M. HANSEN, Judge.

¶1 Petitioner, Dollar General Corporation (Dollar General), seeks review of a Workers' Compensation Court (WCC) order which,

among other things, found [a] Dollar General had "sole liability in this claim", [b] Respondent, Instaff Personnel (Instaff) had "no liability in this claim", and [c] Respondent, Carpet Pro, was "not a proper party to this action and is hereby dismissed."

¶ 2 The original Claim for Compensation by Respondent, William Carathers (Claimant), alleged he had sustained a cumulative trauma injury to his right hand while employed by Dollar General. The date of last exposure was listed as April 19, 2002. Dollar General denied Claimant had sustained a compensable injury. Dollar General then successfully moved to join Instaff as an additional party. Instaff denied Claimant was its employee at the time of injury and also that Claimant had sustained a compensable injury.

¶ 3 In an order filed on October 31, 2002, the WCC found Claimant had sustained a compensable cumulative trauma injury to his right hand through aggravation of a preexisting condition. The court ordered Dollar General to pay for Claimant's medical treatment, "with the issues of final liability of the parties and insurers, and apportionment, reimbursement and/or contribution among the parties and insurers reserved for later determination." The court also took under advisement "the issue of whether § 11(5)(sic)[1] should be construed as 90 'working' days of exposure or simply 90 days of employment."

¶ 4 In June 2003, Dollar General, which had begun to pay Claimant temporary total disability (TTD) compensation, moved to terminate those benefits because he was working for Respondent Carpet Pro. Dollar General also moved to add Carpet Pro as a party and this was granted by the WCC on December 10, 2003.

¶ 5 Trial was subsequently held on the issues of, as relevant here, permanent partial disability (PPD) and apportionment of liability between Dollar General and Instaff. As noted above, the WCC found Dollar General solely liable for Claimant's benefits and dismissed Carpet Pro from the action.[2] Dollar General appealed to a three judge panel of the WCC. The three judge panel unanimously affirmed the trial court's order without modification and Dollar General appeals from the order.[3]

¶ 6 As a threshold issue, we consider Dollar General's *Application for Permission to Supplement Brief in Chief.* This Application was filed on April 21, 2005, with the original Brief in Chief being filed on April 5, 2005. Dollar General represented that "an important issue in the case was inadvertently left out of the Brief in Chief" and asked that it be allowed to brief whether the trial court properly refused to allow it to introduce the deposition of Darryl Quaid, the sole proprietor of Carpet Pro.

¶ 7 Instaff and Carpet Pro objected to the supplement to Dollar General's Brief in Chief. The Supreme Court deferred Dollar General's Application to Supplement to the reviewing court and assigned the Petition for Review here. The objections to the Application were premised essentially on the lack of authority for such a brief in the Supreme Court rules. We need not address those objections however because the only issue

---

1. The subsection to which the WCC refers is 85 O.S.2001 § 11(B)(5), which provides:

    Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, ..., shall alone be liable therefor, without right to contribution from any prior employer.... If there is no employer in whose employment the employee was injuriously exposed to the trauma for a period of at least ninety (90) days, then the last employer in whose employment the employee was last injuriously exposed to the trauma ..., shall be liable therefor, with right to contribution from any prior employer....

2. While Dollar General asserted in its Petition for Review the WCC erred in not apportioning PPD to both Instaff and Carpet Pro, Dollar General's Brief in Chief only contended apportionment should have been between itself and Instaff. It therefore abandoned its assertion regarding Carpet Pro. *Kerr v. Clary,* 2001 OK 90, 37 P.3d 841. There are no briefed issues involving Carpet Pro itself, so it is effectively not a party to this review.

3. Claimant properly noted Dollar General does not dispute whether he is due PPD benefits, but only which party is liable to pay those benefits. Claimant therefore waived briefing.

raised in the proposed supplement was not preserved for appellate review.

¶ 8 The propriety of the trial court's refusal to allow the proffered deposition to be introduced was not raised in Dollar General's *Notice of Appeal to the Court En Banc.* Error not raised before a review panel of the WCC cannot be considered by the Supreme Court or in the Court of Appeals. *Bostick Tank Truck Service v. Nix,* 1988 OK 128, 764 P.2d 1344. Because there are no issues in Dollar General's proposed supplemental brief which we may consider, it is not accepted for our review.

¶ 9 The issues in Dollar General's Brief in Chief, which we may properly consider, involve either interpretation of, or the constitutionality of, 85 O.S.2001 § 11(B)(5).[4] These are questions of law, not fact. On questions of law we exercise *de novo* review. *Ibarra v. Hitch Farms,* 2002 OK 41, 48 P.3d 802. Under this standard, the Court has plenary, independent and non-deferential authority to address legal issues. *American Airlines v. Hervey,* 2001 OK 74, 33 P.3d 47.

■ ¶ 10 Dollar General first contends the WCC should not have found it solely liable because Claimant was not "injuriously exposed to trauma to this right hand for a period of at least ninety (90) days as required by" § 11(B)(5).[5] The essence of Dollar General's contention is that the Legislature intended for sole liability under § 11(B)(5) to apply only where the claimant has been injuriously exposed to the work related trauma on *each of* ninety days while working for the same employer. While we concede § 11(B)(5) "is not a model of clarity and precision", *Fanning v. Brown,* 2004 OK 7, 85 P.3d 841, we do not agree.

¶ 11 It is this lack of clarity and precision which allows us to construe § 11(B)(5), for it is only where the legislative intent cannot be ascertained from the statutory language, *e.g.,* cases of ambiguity or conflict, that rules of statutory construction are applied. *Walker*

*v. Group Health Services, Inc.* 2001 OK 2, 37 P.3d 749. Intent is ascertained from the whole act in light of its general purpose and objective, considering relevant provisions together to give full force and effect to each. *Id.,* at 759.

¶ 12 Subsection 11(B)(5) was added to the Workers' Compensation Act by amendment in October 2001. Laws 2001, 1st Ex.Sess., c. 3, § 7, emerg. eff. Oct. 23, 2001. It was clearly modeled after the preceding subsection, § 11(B)(4), which generally imposes sole liability for occupational disease on "the employer in whose employment the employee was last injuriously exposed to the hazards of such disease." There is no required period of exposure for this general liability.

¶ 13 Subsection 11(B)(4), however, also contains a proviso clause for the specific cases of asbestosis and silicosis. For those diseases, "the only employer and insurance carrier liable shall be the last employer in whose employment the employee was last exposed to harmful quantities of silicon dioxide (SiO 2) dust *on each of at least sixty (60) days or more.*" (Emphasis added).

¶ 14 Subsection 11(B)(5), on the other hand, provides for sole liability in cumulative trauma cases for "the last employer in whose employment the employee was last injuriously exposed to the trauma *during a period of at least ninety (90) days or more.*" Some uncertainty is presented by the statement later in the subsection that sole liability will not be imposed "[i]f there is no employer in whose employment the employee was *injuriously exposed to the trauma for a period of at least ninety (90) days or more.*" (Emphasis added).

¶ 15 Nonetheless, we are persuaded the Legislature did not intend, as Dollar General contends, to require that the injurious exposure be established for *each of* ninety days the employee works for the same employer. If that was the Legislature's intention, it had

---

4. Note 1, *infra.*

5. The WCC's order states "all the evidence at trial shows that DOLLAR GENERAL has sole liability in this claim." While this statement could be read to infer the court made the determination on a factual basis, Dollar General's

contentions are restricted to matters of law. We accordingly will restrict our consideration to the matters raised by Dollar General without deciding if there is otherwise competent evidence to support the WCC's order.

clear and concise model language from § 11(B)(4) to express that requirement. We hold the Legislature instead intended the requisite to be injurious exposure to the causative trauma during a ninety day period of continuous employment with the same employer. It is uncontroverted that Claimant was employed by Dollar General for a period in excess of ninety days, and that during that period he was exposed to injury causing trauma, even though he was only actually working three, twelve hour workdays a week. This is sufficient to satisfy § 11(B)(5).

¶ 16 Alternatively, Dollar General asserts § 11(B)(5) has not abrogated "date of awareness" rule, that is, "the determinative date in ascertaining [cumulative trauma induced] disability is the date the manifested condition first becomes known or should be known as job related." *Parks v. Flint Steel Corp.*, 1988 OK 64, 755 P.2d 680. More specifically, Dollar General argues that under § 11(B)(5), an employer should only be solely liable if the claimant has been working for that employer for ninety days at the time the claimant becomes aware that he has incurred an injury and that the injury is work related. We find no such requirement in the law.

¶ 17 Subsection 11(B)(5) imposes sole liability where [1] compensation is payable for an injury resulting from cumulative trauma, and [2] the employee was last injuriously exposed to the trauma during a period of at least ninety days. Compensability is a question to be determined by the WCC at some point well beyond the date of awareness. The WCC found Claimant's date of awareness to be March 24, 2002, and no party has contested that conclusion. Because that date is after the effective date of § 11(B)(5), its provisions apply. *Celestica Inc. v. Hines*, 2004 OK CIV APP 22, 86 P.3d 1095.

¶ 18 As to the second requirement for imposition of sole liability under § 11(B)(5), the last ninety days of injurious exposure is to be determined at the same time as compensability is determined. The claimant may work for subsequent employers after becoming

aware he has sustained work related injury. It is only the *last* employer for whom the claimant works under the requisite conditions who bears the sole liability. Dollar General's assertions regarding abrogation of the date of awareness doctrine have no merit here.

¶ 19 Finally, Dollar General contends § 11(B)(5) is unconstitutional on due process and equal protection grounds. Again, we do not agree. "A strong presumption exists in favor of legislative enactments and the constitutionality of a statute will be upheld unless it is clearly, palpably and plainly inconsistent with fundamental law." *Rivas v. Parkland Manor*, 2000 OK 68, 12 P.3d 452.

¶ 20 The Court of Civil Appeals dealt with similar arguments in regard to § 11(B)(5) in *Fabsco Shell & Tube LLC v. Eubank*, 2004 OK CIV APP 12, 84 P.3d 792. The basis for arguing unconstitutionality in *Eubank*, at 795, was that § 11(B)(5) "sets up classifications of employers and treats them disparately all without rational basis or advancement of a legitimate state interest." The basic class of employers would be those who employed persons injuriously exposed to trauma. An additional class is composed of those who so employed those persons last.

¶ 21 The *Eubank* Court, citing *Travelers Ins. Co. v. Cardillo*, 225 F.2d 137 (2nd Cir.1955), noted the employer there acknowledged its arguments had not been accepted "in a number of cases," and that those cases found the rule of imposing sole liability on the last employer satisfied two problems associated with cumulative trauma cases, *i.e.*, proof and assignment of responsibility. The Court continued that assignment of responsibility to the last employer satisfies a "rational basis test" [6] because it provides a definite measure of relief to the worker.

¶ 22 The *Eubank* Court, at this point citing *Weyerhaeuser Co. v. Tri*, 117 Wash.2d 128, 814 P.2d 629 (1991), further concluded:

---

**6.** Under the rational basis test, legislation may draw certain classifications among individuals or groups of individuals, if those classifications are not arbitrary and capricious and bear some rea-

sonable or rational relationship to a permissible public policy or goal. *Fabsco Shell & Tube LLC v. Eubank*, 84 P.3d 792, 795 at note 3.

The "last exposure rule" does serve the goal of providing the injured worker a swift and sure remedy. Moreover, as the court stated, the averages over time will spread through the employer class, so that even though a single instance may seem unfair where the employer is bearing a full responsibility, such is not the case when the entire work force and employer community is considered over time.

The *Eubank* Court found the *Tri* rationale persuasive, as do we.[7] Subsection 11(B)(5) is neither arbitrary nor capricious, and it bears a rational relationship to a permissible public goal. It does not violate Dollar General's constitutional right to equal protection.

¶ 23 In *Celestica Inc. v. Hines,* 86 P.3d at 1099, the Court of Civil Appeals found § 11(B)(5) did not violate the responsible employer's due process right of notice because the employer took over the plant at which the claimant worked after the effective date of the amendment adding the subsection. The Court noted the employer was thus "charged with notice of the law in effect at the time." Similarly, at the time Dollar General employed Claimant, January 2002, § 11(B)(5) was in effect and controlled Claimant's employment. The right of an employee to compensation arises from the contractual relationship existing between the employee and the employer on the date of the injury, and the statutes then in force form a part of that contract and determine the substantive rights and obligations of the parties. *Knott v. Halliburton Services,* 1988 OK 29, 752 P.2d 812.

¶ 24 Dollar General's assertions of constitutional infirmity are without merit. Accordingly, the WCC's order is SUSTAINED.

JOPLIN, P.J., and BUETTNER, C.J., concur.

---

**7.** *See also, Celestica Inc. v. Hines,* 86 P.3d at 1099 (The rule also relieves the employee from proving specific medical causation as to any particular employer or insurance carrier of those potentially liable for the disability.)