2005 OK CIV APP 59

**Marci Ranee PARKHURST, Petitioner,**

v.

**CITY OF TULSA and the Workers' Compensation Court, Respondents.**

No. 101,175.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 5, 2005.

Gus Farrar, Farrar & Farrar, P.C., Tulsa, OK, For Petitioner.

David A. Shapiro, City of Tulsa, Tulsa, OK, For Respondent.

Opinion by BAY MITCHELL, Judge.

¶ 1 Petitioner Marci Ranee Parkhurst seeks review of an order of the Workers' Compensation Court *en banc* panel that affirmed an award of 16% permanent partial disability benefits for her right and left hands for 67.2 weeks at a rate of $237 per week. Petitioner argues the PPD rate should have been $264 per week, and also argues she was entitled to 70.4 weeks of benefits because the court erred as a matter of law by applying the rates and benefits in effect on her date of awareness instead of those in effect on her date of last exposure. The question of whether the date of injury for cumulative trauma injuries is based on the date of first awareness or the date of last exposure is the sole issue on appeal. This court reviews this legal issue *de novo*, giving no deference to the lower court's legal findings. *B.E. & K. Constr. v. Abbott*, 2002 OK 75, ¶ 1, 59 P.3d 38, 39 n. 1.

¶ 2 We agree with *Celestica Inc. v. Hines*, 2004 OK CIV APP 22, ¶ 9, 86 P.3d 1095, 1098, that by enacting 85 O.S.2001 § 11(B)(5), the Legislature specifically applied the last exposure doctrine to cumulative trauma injuries to determine the date of injury. Although the Oklahoma Supreme Court had previously held in *Rankin v. Ford Motor Co.*, 1996 OK 94, ¶ 4, 925 P.2d 39, 40, that the date of injury for cumulative trauma cases is the date of awareness, the express language of § 11(B)(5) applies the last exposure doctrine to cumulative trauma cases.[1] We find *Rankin* has been overruled by statute, and the last exposure doctrine now ap-

1. This provision provides in relevant part:

Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was *last injuriously exposed to the trauma* during a period of at least ninety (90) days or more ... shall alone be liable therefor, without right to contribution from any prior employer or insur-

plies to cumulative trauma injuries pursuant to § 11(B)(5). Petitioners benefits must be calculated as of the date of her last exposure.

¶3 VACATED AND REMANDED.

ADAMS, P.J., and BELL, J., concur.

ance carrier. If there is no employer in whose employment the employee was injuriously exposed to the trauma for a period of at least ninety (90) days, then the last employer in whose employment the employee was last inju-riously exposed to the trauma ... shall be liable therefor, with right to contribution ... 85 O.S.2001 § 11(B)(5) (emphasis added).