Sylvester PAULEY, Petitioner,

v.

LUMMUS CONSTRUCTION, CNA Insurance Company, and The Workers' Compensation Court, Respondents.

No. 78743.

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 11, 1992.

Thomas Whalen, Tulsa, for petitioner.

Michael D. Gilliard, Tulsa, for respondents.

## OPINION

HANSEN, Vice Chief Judge:

Petitioner (Claimant) seeks review of an order by a three judge panel of the Workers' Compensation Court. The panel's order modified the trial courts' order, in relevant part, by reducing the percentage of binaural hearing loss for which Claimant was entitled to compensation. We sustain the order.

Claimant went to work for Respondent (Lummus) as a construction general foremen in May 1989. At that time he had worked in the construction industry for approximately forty years. He had been exposed to loud noise during the entire course of his employment, including the time with Lummus.

In July 1989, Claimant was seen by Dr. M. Dr. M. found Claimant had sustained a 41.9% binaural hearing loss. The history taken by Dr. M. reflects Claimant's exposure to loud noise related to employment as a pipe fitter "over the last 43 years".

Claimant is reported to have stated to Dr. M. that "he had noticed difficulty hearing especially high pitched voices as well as the radio, T.V. and the telephone over the last couple of years", which had "gotten worse over the last three months".

Dr. M. opined Claimant had sustained the hearing loss as "a result of this patients exposure to loud noises while working as a pipe fitter and his last exposure being Lumus (sic) Company where he had worked for three months .. .".

Claimant filed his claim in January 1990. He ended his employment with Lummus in June 1990. In February 1990, Claimant was evaluated by Lummus' medical expert, Dr. F.

Dr. F.'s medical report reflects a history similar to Dr. M.'s report. Claimant's statement was that he had noticed his hearing loss a year and a half before when he was unable to hear an "electric alarm". Dr. F. found Claimant had suffered binaural hearing impairment of 26.2% "due to a lifelong noise exposure history". Dr. F.'s opinion was that "the condition was present prior to [Claimant's] employment at Loomis (sic)".

The trial court found Claimant sustained compensable loss of hearing due to repeated trauma to the ears from loud noise over a prolonged period. The trial court rated the binaural hearing loss at 27%.

Lummus appealed to a three judge panel of the Workers' Compensation Court. The panel found parts of the trial court's order to be against the clear weight of the evidence. It modified the trail court's impairment rating to 15.7%.[1] Claimant seeks review of the panel's order.

■ In reviewing a panel substituted order of the Workers' Compensation Court, we will canvas the facts to determine if the decision is supported by any competent evidence. We may not disturb such order unless it is found to lack support in competent evidence, or is contrary to law. *Parks*

*v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

Claimant first argues in his brief in chief that the lower court's order is contrary to law because his hearing loss was apportioned between Lummus and his past employers. While both parties appear to agree the hearing loss was apportioned, we note the Workers' Compensation Court made no explicit findings to that effect. However, in the absence of other explanatory findings, apportionment was implicit in the court's rating the impairment at a percentage less than that found by either of the medical experts.

■ Claimant seeks to apply the "last injurious exposure" rule, which derives from 85 O.S.1985 Supp. § 11(4). Under that rule, the last employment which bears a causal relationship to a claimant's occupational disease is deemed to have caused the disease. *Parks v. Flint Steel Corp.,* 755 P.2d 680 (Okla.1988). The rule acts to transfer the total liability to the last employer.

In *Parks v. Flint Steel Corp.,* at 683, the Supreme Court found hearing loss resulting from prolonged exposure to loud or concussive noise is an accidental injury, not an occupational disease. The Oklahoma Legislature clearly limited application of Section 11(4) to occupational disease alone. Claimant cites no legal authority for application of the last injurious exposure rule to accidental injury. His contention is without merit.

■ Claimant next asserts the award of compensation is outside the range of competent medical evidence. He argues the range of impairment is limited by Dr. M.'s 41.9% loss evaluation and Dr. F.'s finding that Claimant's hearing loss was 26.2%. Claimant's argument is premised upon his contention the last injurious exposure rule imposes liability for total impairment on Lummus. We have found that rule to be inapplicable here.

1. Although nowhere does the panel set out how it arrived at a 15.7% impairment, it apparently subtracted Dr. F.'s 26.2% from Dr. M.'s 41.9% degree of impairment. This would indicate the panel believed Dr. M. that Claimant had a 41.9% hearing impairment, *and* also believed Dr. F. that 26.2% of his impairment was caused by employment prior to Lummus.

The Legislature has expressly limited application of the last injurious exposure rule to occupational disease. They have substantively amended 85 O.S.1985 Supp. § 11 several times since the concept of cumulative trauma injury was accepted in Oklahoma workers' compensation law, but have not extended the rule to such injuries. We find no evidence they would favor such application.

The Court of Appeals found the statement of public policy contained in § 11 to be persuasive by analogy in *Utica Square Salon of Beauty v. Barron*, 595 P.2d 459 (Okla.App.1979). There, the insurer at the time a cumulative inhalation injury was deemed to have occurred was held liable for the entire injury. However, the Supreme Court, in *Parks v. Flint Steel Corp.*, at 682, found *Barron* to be unpersuasive and refused to adopt its rationale.

The evidence here not only supports, but can lead to no other conclusion, than Claimant's hearing impairment arose prior to his employment with Lummus. Both medical experts agree that it did, and Claimant testified that it did. The issue then is the degree to which Claimant was impaired.

Dr. F., for Lummus, was of the opinion all Claimant's impairment occurred prior to employment with Lummus. Dr. M. stated part of the impairment occurred while Claimant was employed by Lummus, but that he could not determine how much without a pre-employment audiogram. Thus, the range of impairment attributable to Claimant's employment *with Lummus* was from 0% (Dr. F.) to 41.9% (Dr. M.).

The Workers' Compensation Court's finding that Claimant sustained 15.7% binaural hearing loss is supported by competent evidence of record and is not contrary to law. Its order is therefore SUSTAINED.

BAILEY, P.J., and HUNTER, J., concur.