1998 OK 111

**CR INDUSTRIES and Sentry Insurance, a mutual company, Petitioners/Appellants,**

v.

**Alta Fern DORSEY, Travelers Insurance and the Workers' Compensation Court, Respondents/Appellees.**

**Nos. 88384, 88385.**

Supreme Court of Oklahoma.

Nov. 10, 1998.

Donald A. Bullard, K. Wayne Lee, Bullard & Hoehner, Oklahoma City, Oklahoma, for Appellants.

Gary W. Farabough, Bickford, Pasley & Farabough, Ardmore, Oklahoma, for Appellee, Dorsey.

Greg Ballard, John McCaleb, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Oklahoma, for Appellee, Travelers Insurance.

HARGRAVE, J.

¶1 The claimant began having problems with carpal tunnel syndrome in 1989, and had surgeries on her left hand in 1989 and 1990. She continued to work in the same position and she began experiencing pain in her right hand due to carpal tunnel syndrome. Her last injurious exposure to the repetitive tasks in the workplace was March 1993. Employer carried workers' compensation coverage insurance through the appellant, Sentry Insurance, through December 31 of 1990. After January 1, 1991, employer's insurance was written by Traveler's Insurance.

¶2 In June of 1991, claimant filed a claim in the Workers' Compensation Court for benefits due to the injury to her left arm, listing the accident date as November 1989. She named Sentry as the insurance carrier. The claim was settled by agreement. Claimant reopened the claim alleging a change of condition for the worse in September of 1995. An additional award was entered. Sentry was named the responsible insurance carrier and Travelers was exonerated as the court found the worsening of her condition stemmed from the previous injury to the hand and wrist, and not subsequent injury.

¶3 Claimant also filed a separate claim, seeking benefits against Travelers for injury to her right hand and wrist due to carpal tunnel syndrome. The Workers' Compensation Court determined that Sentry and Travelers were both responsible for the claim and apportioned liability between the two equally. In review of this order, the Court of Civil Appeals found the decision of the Workers' Compensation Court proper as to the injury to the left arm, but reversed the Workers' Compensation Court's apportionment of liability between Sentry and Travelers on the right arm, holding that since the last injurious exposure was in 1993, Sentry could not be held liable.

¶4 In *Southwest United Industries v. Polston*, 1998 OK 78, 964 P.2d 210, we addressed this issue. In that case, apportionment of liability in a carpal tunnel case was upheld between previous and subsequent insurers. We held that the last injurious exposure does not in itself decide who is liable in a cumulative trauma case. In *Polston*, at ¶8, this court held:

> Apportionment is necessary in instances such as the instant matter where the micro-traumatic exposures were cumulating during two successive insurers. The bilateral carpal tunnel syndrome cumulative trauma, although considered a single injury, is an injury that develops over time. Although claimant first experienced problems with his hands before the State Insurance Fund became the provider in the present matter, claimant's injuries worsened during the time of the Fund's coverage.

This Court determined in that case that the apportionment between the two providers was appropriate.

¶ 5 In the present matter, as a result of the evidence presented at trial, the Workers' Compensation Court determined that claimant's injury to her right arm occurred during the coverage by both carriers. Therefore, apportionment was proper.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPINION VACATED; ORDER OF THE WORKERS' COMPENSATION COURT SUSTAINED.**

¶ 6 ALL JUSTICES CONCUR.