2003 OK CIV APP 42

**Donald ROGERS, Petitioner,**

v.

**MULTIPLE INJURY TRUST FUND and the Workers' Compensation Court, Respondents.**

**No. 97,680.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 18, 2003.

Gus Farrar, Farrar & Farrar, P.C., Tulsa, OK, for Petitioner.

Georgiana Peterson, Pray, Walker, Jackman, Williamson & Marlar, Tulsa, OK, for Respondent.

Opinion by LARRY JOPLIN, Chief Judge.

¶ 1 Petitioner Donald Rogers (Claimant) seeks review of the trial court's order denying him benefits for combined, materially increased permanent partial disability (PPD) from Respondent Multiple Injury Trust Fund (Fund) as barred by operation of 85 O.S. Supp.1999 § 172(A)(2)(b) (effective November 1, 1999). In this appeal, Claimant asserts the trial court erred as a matter of law in holding his claim untimely filed, and in so holding, violated his Constitutionally guaranteed rights to due process and equal protection of the laws, as well as the state constitutional proscriptions prohibiting impairment of vested rights and enactment of special laws.

¶ 2 Resolution of this case is controlled by a recent opinion of the Court of Civil Appeals, accorded precedential value and released for publication by order of the Supreme Court filed February 24, 2003. *Loftis v. Multiple Injury Trust Fund,* 2003 OK CIV APP 30, 67 P.3d 924. In *Loftis,* the Court of Civil Appeals held application of "[t]he 1999 amendment to 85 O.S. Supp.1994 § 172, as applied to PPD actions filed after October 31, 1999, . . . where the subsequent injury occurred on or before that date, is an unreasonable exercise of legislative authority affecting a vested right in violation of Art. 5, § 54." 2003 OK CIV APP 30, ¶ 17, 67 P.3d at 924. The Court of Civil Appeals consequently vacated the order denying claimant benefits against Fund, and remanded for further proceedings in accord with § 172 as it existed at the time of claimant's subsequent injury. 2003 OK CIV APP 30, ¶¶ 15–18, 67 P.3d at 924.

¶ 3 This case presents the same basic facts as *Loftis.* Claimant, a physically impaired person, sustained a subsequent injury *prior* to the effective date of amended § 172, but did not file his subsequent injury claim until *after,* and the Workers' Compensation Court denied Claimant benefits from Fund as barred by amended § 172. In this, the trial court erred. *Loftis.*

¶ 4 The order of the Workers' Compensation Court is accordingly VACATED, and the cause REMANDED for further proceedings consistent with § 172 as it existed at the time of Claimant's subsequent injury in May 1999.

ADAMS, P.J., and BUETTNER, J., concur.