2005 OK CIV APP 36

**OCT EQUIPMENT, INC. and Old Republic Insurance Company, Petitioners,**

v.

**Kenneth E. FERRELL, CompSource Oklahoma and The Workers' Compensation Court, Respondents.**

**No. 101,277.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 11, 2005.

Certiorari Denied May 23, 2005.

C. Scott Beuch, C. Scott Beuch & Associates and Robert Highsaw, Oklahoma City, OK, for Petitioners.

Philip D. Ryan, Ryan Bisher Ryan, Oklahoma City, OK, for Respondent, Kenneth E. Ferrell.

Linda Gray Sheffield, Oklahoma City, OK, for Respondent, CompSource Oklahoma.

Opinion by KENNETH L. BUETTNER, Chief Judge:

¶ 1 Petitioners OCT Equipment, Inc. (Employer) and Old Republic Insurance Company (First Insurer) seek review of an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's order which awarded permanent partial disability compensation to Claimant Kenneth E. Fer-

rell (Claimant), ordered First Insurer to pay the awarded compensation, and directed CompSource Oklahoma (Second Insurer) to provide Claimant with hearing aids. We vacate the order as to first insurer, holding that 85 O.S.2001 § 11(B)(5) imposes liability solely on Second Insurer.

¶ 2 Claimant began working for Employer 36 years ago as a truck driver. In the mid–1970s he became a mechanic and continues in that position today, working in a noisy indoor shop. On September 9, 2003, he filed a workers' compensation claim for compensation for hearing loss from repetitive exposure to loud noise.

¶ 3 On May 10, 2004, the issues of permanent partial disability and authorization for hearing aids came before the trial court. After an evidentiary hearing, the trial court issued an order finding Claimant sustained on-the-job hearing loss due to repeated trauma to the ears from continued exposure to loud noise, with the last exposure on October 28, 2003. It found First Insurer insured Employer from August 1, 2000 through July 31, 2003, and Second Insurer insured Employer from August 1, 2003 until the date of trial. The trial court directed Employer and Second Insurer to provide Claimant with hearing aids. It found Claimant sustained 35.9% binaural hearing loss, over and above pre-existing 2% hearing loss, for which Claimant was entitled to compensation for 118.47 weeks at $264.00 per week, in the total amount of $31,276.08, of which 29 weeks had accrued and should be paid in a lump sum of $7,656.00. The trial court ordered Employer and First Insurer to pay the award.

¶ 4 First Insurer appealed the order to a three-judge panel of the Workers' Compensation Court. The panel affirmed the decision of the trial court. First Insurer appeals from the panel's order, contending Second Insurer is solely liable for Claimant's injury because (1) Claimant did not prove injury during First Insurer's period of coverage, and (2) Second Insurer provided coverage at the time of Claimant's last exposure to cumulative trauma injury.

¶ 5 In reviewing the order of a three-judge panel of the Workers' Compensation

Court, we will not disturb the order unless it is unsupported by competent evidence or is contrary to law. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, 684 P.2d 548, 552.

¶ 6 Prior to enactment of § 11(B)(5), the Workers' Compensation Court apportioned the compensation award among successive employers in cumulative trauma cases. *Celestica, Inc. v. Hines,* 2004 OK CIV APP 22, 86 P.3d 1095, 1097. In 2001, 85 O.S.2001 § 11(B)(5) became effective:

Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier. If there is no employer in whose employment the employee was injuriously exposed to the trauma for a period of at least ninety (90) days, then the last employer in whose employment the employee was last injuriously exposed to the trauma and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall be liable therefor, with right to contribution from any prior employer or insurance carrier.

Laws 2001 1st Ex. Sess, c. 3, § 7, emerg. eff. October 23, 2001.

¶ 7 This subsection is divided into two scenarios. The first is where the employee has worked for the employer "during a period of at least ninety (90) days" from the date of last exposure. If that is the case, then "the insurance carrier ... on the risk when the employee was last so exposed ... shall alone be liable, therefor, without right to contribution from any prior ... insurance carrier."

¶ 8 The second scenario is where there is not a single employer for whom the employee worked for the ninety days prior to last exposure. In that case, "then the last employer in whose employment the employee was last injuriously exposed to the trauma and the insurance carrier ... on the risk when such employee was last exposed ...

shall be liable ..., with right to contribution from any prior employer or insurance carrier."

¶ 9 The trial court found Claimant's last exposure to cumulative trauma was October 28, 2003. This finding is not contested. Claimant worked for Employer during the entire 90–day period prior to that date. Thus the first scenario applies, which does not provide for contribution between successive insurers.

¶ 10 CompSource relies on *Hodges v. Hodges,* 2003 OK CIV APP 54, 72 P.3d 57 and *Southwest United Industries v. Polston,* 1998 OK 78, 964 P.2d 210, for the proposition that apportionment is appropriate where two insurers cover the employment during which the cumulative trauma occurred. However, CompSource cites no authority discussing apportionment after enactment of § 11(B)(5). Absent countervailing authority, we will apply the plain language of § 11(B)(5). The insurer on the risk on the last day of exposure is solely liable if the claimant worked for a single employer for the 90 days prior to last exposure.

¶ 11 For the foregoing reasons, the order of the three-judge panel of the Workers' Compensation Court is VACATED as to Old Republic Insurance Company, and REMANDED with instructions to enter judgment on the award solely against CompSource as insurer for employer.

JOPLIN, P.J., concurs; HANSEN, J., dissents with separate opinion.

CAROL M. HANSEN, J., dissenting:

¶ 1 I agree this matter is controlled by the first scenario of 85 O.S.2001 § 11(B)(5) because Claimant worked for Employer for the entire 90–day period of his last injurious exposure, but disagree with the majority as to the effect of the language of this statute when more than one insurer successively covered the risk during that 90–day period. The statute provides, "the insurance carrier, if any, on the risk when the employee was **last so exposed** under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insur-

ance carrier." § 11(B)(5) (emphasis added). The words "last so exposed" refers to the previous clause, "last injuriously exposed to the trauma during a period of at least ninety (90) days or more." Therefore, I read the statute to place the coverage liability on "the insurance carrier ... on the risk when the employee was [last injuriously exposed to the trauma during a period of at least ninety (90) days or more] ... without right to contribution from any prior ... insurance carrier." In this case, more than one insurer was on the risk during the relevant 90–day period. I would sustain the Workers' Compensation Court's order because it properly apportioned liability between the two insurers successively on the risk during that period.