2005 OK CIV APP 60

**ANDERSON MECHANICAL, INC. and Bituminous Casualty, Petitioner,**

v.

**David SPIEGEL, Massachusetts Bay Insurance Co. and the WOrkers' Compensation Court, Respondents.**

**No. 101,195.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 4, 2005.

---

H. Grady Parker, Looney, Nichols & Johnson, Oklahoma City, OK, for Petitioners.

Owen T. Evans, James B. Cassody, McGivern, Gilliard & Curthoys, Tulsa, OK, for Respondent Massachusetts Bay Insurance Co.

Timothy P. Clancy, Clancy Law Firm, Inc., Tulsa, OK, for Respondent David Spiegel.

Opinion by LARRY JOPLIN, Presiding Judge.

¶1 Petitioners Anderson Mechanical, Inc. (Employer) and Bituminous Casualty (Insurer, or collectively, Petitioners) seek review of an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's order(s) dismissing Respondent Massachusetts Bay Insurance Co. (MBI), and denying Employer's motion to add a previous insurer as a party-respondent. Having reviewed the record, however, we discern no error. Accordingly, the order of the three-judge panel is sustained.

¶2 Respondent David Spiegel (Claimant) worked for Employer for twenty-four years. Employer obtained workers' compensation insurance from MBI for the period January 1, 2000 to January 1, 2002, and from Arch Insurance Company (Arch) for the period January 1, 2002 to January 1, 2003. Bituminous became the workers' compensation insurer January 1, 2003.

¶3 By Form 3 filed March 3, 2003, Claimant asserted repetitive trauma injuries to his left shoulder, hands and arms while working for Employer, date of last exposure, February 28, 2003.[1] In April 2003, Petitioners filed a Form 13, Motion to Join Additional Parties, seeking to join MBI and Arch as party-respondents, and MBI entered an appearance in May 2003. In July 2003, Petitioners filed another Form 13, Motion to Join Additional Parties, seeking to compel joinder of Arch, and Arch entered an appearance in August 2003.

¶4 In September 2003, MBI filed a Form 13, Motion to Dismiss, citing 85 O.S. § 11(B)(5). Following a hearing in November 2003, the trial court found MBI was not a "proper party," dismissed MBI from the proceedings, and denied Insurer's motion to add

---

1. Claimant asserts in his brief that, after he filed his Form 3, he continued to work for Employer until he was terminated in April 2004.

Arch by order filed in December 2003. Petitioners appealed, and a three-judge panel unanimously affirmed.

¶5 In this review proceeding, Petitioners assert that Claimant became aware of his job-related injuries in May 2000 when he first received medical treatment for those injuries, and that the law in effect at the time of Claimant's awareness of his job-related injuries controls the rights and obligations of the parties. *See, Cole v. Silverado Foods, Inc.*, 2003 OK 81, 78 P.3d 542; *CR Industries v. Dorsey*, 1998 OK 111, 970 P.2d 179; *Southwest United Industries v. Polston*, 1998 OK 78, 964 P.2d 210; *Rankin v. Ford Motor Co.*, 1996 OK 94, 925 P.2d 39.[2] So, say Petitioners, because Claimant's date of awareness pre-dates the effective date of § 11(B)(5), that section cannot be applied retroactively to justify dismissal of MBI and denial of Arch's joinder.

¶6 Prior to enactment of § 11(B)(5), the Court of Civil Appeals recognized that, where a claimant suffered cumulative trauma injuries in successive employments, or while insured by successive insurers, apportionment of liability for the claimant's benefits was proper. *See, Ball–Incon Glass v. Adams*, 1995 OK CIV APP 16, 894 P.2d 439; *Kerr Glass Co. v. Wilson*, 1994 OK CIV APP 69, 880 P.2d 414; *Lummus Const. v. Vancourt*, 1992 OK CIV APP 113, 838 P.2d 43; *Pauley v. Lummus Const.*, 1992 OK CIV APP 96, 836 P.2d 692. However, effective October 23, 2001, the Oklahoma Legislature amended 85 O.S. § 11, and subsection (B)(5) now provides:

Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier....

¶7 By enactment of § 11(B)(5), "the Legislature intended to make the last exposure doctrine apply to cumulative trauma cases, both for determination of the date of injury and for the determination of the liable employer in cases of multiple employers." *Celestica Inc. v. Hines*, 2004 OK CIV APP 22, ¶9, 86 P.3d 1095, 1098. By force of this section, where a claimant suffers a cumulative trauma injury in the course of his or her employment for a single employer, and is last injuriously exposed to the trauma "during a period of at least ninety (90) days," "then 'the insurance carrier ... on the risk when the employee was last so exposed ... shall alone be liable, therefor, without right to contribution from any prior ... insurance carrier.'" *OCT Equipment, Inc. v. Ferrell*, 2005 OK CIV APP 36, ¶7, 114 P.3d 479, 481 cert. den., 2005 OK 38. "The insurer on the risk on the last day of exposure is solely liable if the claimant worked for a single employer for the 90 days prior to last exposure." *OCT Equipment, Inc.*, 2005 OK CIV APP 36, ¶10, 114 P.3d at 481. Application of § 11(B)(5) is not impermissibly retroactive as to an insurer who assumed the risk after that section's effective date. *Celestica Inc.*, 2004 OK CIV APP 22, ¶10, 86 P.3d at 1098.[3]

¶8 In the present case, Claimant stated on his Form 3 he was last exposed to the repeti-

---

2. Petitioner additionally cites *Laser Engineering v. Smith*, Case No. 100,608 (Ok.Civ.App.Div.I, October 8, 2004) (Released for Publication by Order of the Court of Civil Appeals). However, by order filed January 27, 2005, the Oklahoma Supreme Court denied employer's petition for certiorari, and ordered the Court of Civil Appeals' opinion withdrawn from publication. Any citation to or reliance on *Laser* is hence unauthorized in the present case. Okla.Sup.Ct.R. 1.200(b)(5), 12 O.S., Ch. 15, App. 1; 20 O.S. § 30.5.

3. "... Celestica took over the plant after the effective date of the statute and was charged with notice of the law in effect at that time. Additionally, Celestica has failed to cite any authority to support its argument that the last exposure rule is unconstitutional. Indeed, the last exposure doctrine, in occupational disease cases, has long been upheld. See *Parks v. Flint Steel Corp.*, 1988 OK 64, 755 P.2d 680.... Accordingly, we find no support for Celestica's argument that the last exposure rule is unconstitutional."

tive-trauma-dealing hazards of the employment on February 28, 2003. Petitioners concede in their appellate brief that Claimant continued to work for Employer after February 28, 2003, and, elsewhere in their brief (filed October 26, 2004), assert "there is no 'last date of exposure' since [Claimant] is still employed by" Employer. Claimant asserts in his response brief that he continued to work for Employer until terminated on April 30, 2004. It further appears that Insurer assumed the risk on or about January 1, 2003, over a year after the effective date of § 11(B)(5).

¶ 9 Under § 11(B)(5), the law then in effect at the time Insurer assumed the risk, and the law in effect at the time of Claimant's last hazardous exposure in his single employment, "[t]he insurer on the risk on the last day of exposure is solely liable [where] the claimant worked for a single employer for the 90 days prior to last exposure." *OCT Equipment, Inc.*, 2005 OK CIV APP 36, ¶ 10, 114 P.3d at 481. The pleadings and admissions of the parties in the briefs[4] support conclusions that (1) Claimant worked only for Employer over the last twenty-four years, during which he was last hazardously exposed to the repetitive-trauma dealing conditions of that employment for more than ninety days, and (2) Insurer was Employer's workers' compensation insurance carrier on the last day of Claimant's exposure to the repetitive-trauma-dealing hazards of the employment. Pursuant to § 11(B)(5), Insurer is consequently liable for payment of Claimant's benefits, if any he should be adjudicated entitled, without right of contribution from either Arch or MBI.

---

4. Admissions made in briefs may be considered as supplementing and curing an otherwise deficient appellate record. *See, Macy v. Bd. of County Comm'rs*, 1999 OK 53, ¶ 3, 986 P.2d 1130, 1134, fn. 8; *Brock v. Thompson*, 1997 OK 127, ¶ 3, 948 P.2d 279, 283, fn. 4; *Stork v. Stork*, 1995 OK CIV 61, 898 P.2d 732, 737, fn. 10; *Reeves v. Agee*, 1989 OK 25, 769 P.2d 745, 753; *Womack v. City of Oklahoma City*, 1986 OK 14, 726 P.2d 1178, 1181.

1. As a possible third rationale, while the facts are somewhat unclear, it would appear there may be insufficient evidence to impose sole liability on

¶ 10 We therefore conclude the Workers' Compensation Court did not err in dismissing MBI or in denying joinder of Arch. The order of the three-judge panel is SUSTAINED.

BUETTNER, C.J., concurs, and
HANSEN, J., dissents with separate opinion.

CAROL M. HANSEN, Judge, dissenting.

¶ 1 I must respectfully dissent. I do not concur in that part of the majority's opinion which holds 85 O.S. § 11(B)(5) was correctly applied.[1] That subsection was not the law at the definitive time here, that is, May, 2000, the time at which Claimant first became aware his injuries were employment related.

¶ 2 The majority's rationale for holding § 11(B)(5) applicable is unsupportable under a close examination of applicable law. The majority's reliance on § 11(B)(5) is based on [1] Claimant working for Employer when he was "last hazardously exposed to the repetitive-trauma dealing conditions of that employment for more than ninety days," [2] Bituminous was Employer's insurer "on the last day of Claimant's exposure to the repetitive-trauma-dealing hazards of the employment." and [3] because by enactment of § 11(B)(5) "the Legislature intended to make the last exposure doctrine apply to cumulative trauma cases, both for determination of the date of injury and for the determination of the liable employer in cases of multiple employers," citing *Celestica, Inc. v. Hines*, 2004 OK CIV APP 22, 86 P.3d 1095.

¶ 3 In my view, *Hines* is both distinguishable on the facts and based on a faulty

---

Bituminous Casualty even if § 11(B)(5) were applicable. Respondent Massachusetts Bay Insurance states in its Answer Brief that Bituminous "had the last period of coverage—from January 1, 2003 until January 1, 2004." As noted by the majority, Claimant stated in his Answer Brief that he continued to work for Employer until being "terminated" on April 30, 2004. These facts do not support a finding Bituminous was the insurance carrier for the ninety day period preceding Claimant's date of last injurious exposure.

premise. As acknowledged by the *Hines* Court, the date of the claimant's awareness there was *after* the effective date of § 11(B)(5). Thus, applying the awareness doctrine would not have changed the outcome under the facts in that case. Secondly, and possibly because of the previous conclusion, the *Hines* Court did not fully examine the impropriety of giving § 11(B)(5) retroactive effect. For the following reasons, I would hold that § 11(B)(5) may not be applied where, as here, the claimant's date of awareness predates the effective date of the statute.

¶ 4 My analysis of this question begins with *Southwest United Industries v. Polston,* 1998 OK 78, 964 P.2d 210. While *Polston,* at 212, does contain the statement that cumulative trauma accidents are "now governed by the date of the last trauma and the awareness test no longer applies," I do not believe, when examined in context, and in conjunction with other Oklahoma Supreme Court opinions, *Polston* would be controlling under facts as presented here.

¶ 5 In *Polston,* which was decided before the effective date of § 11(B)(5), the Workers' Compensation Court apportioned liability between two successive insurers. The only issue presented there was "whether apportionment of liability is proper when a cumulative trauma injury occurs during employment with a single employer who has had two successive insurers." In its consideration of that question, the Supreme Court expressly overruled *Oklahoma Petroleum Workers' Compensation Association v. Mid–Continent Casualty Co.,* 1994 OK CIV APP 107, 887 P.2d 335. In this latter case, the Court of Civil Appeals had held the awareness test should be applied to impose sole liability and apportionment was not proper. It was in overruling *Mid–Continent* that the Supreme Court stated the awareness doctrine no longer applied.

¶ 6 In setting forth its reasoning, the *Polston* Court explained that "[u]nder this [awareness] doctrine the statute of limitation begins to run against the claimant at the time when the claimant becomes aware of an injury." The Court then set out 85 O.S. Supp.1994 § 43, the limitation section of the Workers' Compensation Act, which provides that a cumulative trauma claimant has two years from the date of last trauma or hazardous exposure to file a claim. It was at this point the Court stated cumulative trauma accidents were governed by the date of the last trauma. The *Polston* case, as here, did involve apportionment of liability, however, it was clearly within the context of discussing the statute of limitations that the Court stated the awareness doctrine no longer applied.

¶ 7 The actual crux of *Polston* is in the Court's statement—"Apportionment is necessary in instances such as the instant matter where the micro-traumatic exposures were cumulating during two successive insurers." As the Supreme Court explained in *CR Industries v. Dorsey,* 1998 OK 111, 970 P.2d 179, the *Polston* holding was "that the last injurious exposure does not in itself decide who is liable in a cumulative trauma case." While I recognize this holding is to some degree now obviated by § 11(B)(5), *Dorsey* made clear that it was the necessity of apportionment, not the imposition of a rule to define the specific date of injury for cumulative trauma injuries, that was the true holding in *Polston.*

¶ 8 Additionally, *Polston* did not overrule, even implicitly, the Supreme Court's holding in *Rankin v. Ford Motor Co.,* 1996 OK 94, 925 P.2d 39, that the "time of the injury" for establishing a claimant's wage rate to calculate compensation benefits is "the date claimant first became aware of his cumulative trauma injury." That date in *Rankin* was October 1986, which was after the effective date of the same amendment to § 43, the statute of limitations, that the *Polston* Court used in its reasoning. The Court in *Rankin* noted the "last exposure doctrine" was applicable for "statute of limitations purposes," but not for establishing the rate of compensation.

¶ 9 The issue in *Rankin* required defining a specific point in time to establish a legal

right, that is, the wage used to calculate compensation. Similarly, in the present case the question is whether the date of Claimant's awareness of his injuries pertains to preclude application of § 11(B)(5). The Claimant's date of awareness here is May 2000. Pursuant to *Rankin,* that date is also the *date of injury.*

¶ 10 The *date of injury* is important here because it is well established in our Workers' Compensation jurisprudence that the law in effect on the date of injury "forms a portion of the contract of employment and determines the substantive rights and obligations of the parties." *Cole v. Silverado Foods, Inc.,* 2003 OK 81, 78 P.3d 542. Section 11(B)(5) was not in effect in May 2000, Claimant's date of injury, and therefore was inapplicable to determine liability.

¶ 11 Further, despite the majority's holding that § 11(B)(5) is not impermissibly retroactive as to an insurer who assumed the risk after it's effective date, it is my view that notice is not the definitive constitutional issue here and that § 11(B)(5) may not be applied retroactively in this matter. In the absence of express provision giving a statute retroactive effect, it will be presumed to operate prospectively only. *In re Bomgardner,* 1985 OK 59, 711 P.2d 92. There is no such expression by the Legislature in § 11(B)(5), and, in fact, I believe it was constitutionally precluded from doing so.

¶ 12 The majority bases its constitutional conclusion on a due process notice examination. The real question is whether retroactive application of § 11(B)(5) passes constitutional muster under the specific mandates of the Oklahoma Constitution. I believe it does not. In *Cole v. Silverado Foods,* 78 P.3d at 548, the Supreme Court stated:

> The terms of Art. 5 § 54, Okl. Const., protect from legislative extinguishment by retroactive enactments "accrued" rights acquired or "proceedings begun" under a repealed or amended statute.

¶ 13 Under the Oklahoma Workers' Compensation Act, a claimant's cause of action for his injuries accrues at the time of his employment-related accident. *Loftis v. Multiple Injury Trust Fund,* 2003 OK CIV APP 30, 67 P.3d 924 (released for publication by order of the Supreme Court). Accrual of an action does not require that suit shall have commenced at the time the statute is amended. *Id.,* at 926. Although under § 43 of the Workers' Compensation Act, Claimant had until two years after the date of his last injurious exposure to bring his claim, he had a right to bring an action against Employer on the date he became aware his injuries resulted from his employment. The fact Claimant had the burden to prove compensability of his injuries to recover does not change the time of accrual of his right. That accrued right could not be constitutionally extinguished by enactment of § 11(B)(5). *Id.;* See also, *Rogers v. Multiple Injury Trust Fund,* 2003 OK CIV APP 42, 69 P.3d 284.

¶ 14 I believe the majority incorrectly invokes *Celestica Inc. v. Hines* for the proposition that the date of awareness doctrine had no efficacy in May 2000, Claimant's date of injury for determining which law is effective for his claim. Under the law in effect on that date, Claimant had a claim against Employer which was constitutionally protected from being burdened by the last exposure provision of § 11(B)(5). For the above stated reasons, I would vacate the Workers' Compensation Court order and remand the matter to that Court for a determination of liability, and if compensable injury were found, apportionment of liability pursuant to *Polston* in accordance with the competent evidence of record.[2]

**2.** In an unpublished opinion, # 101,418, another      division of the Court of Civil Appeals found the

---

date of awareness in a cumulative trauma case was the injury date for all purposes, except the statute of limitations, in accord with this author's dissent. It also declined to apply § 11 B(5) retroactively.