2006 OK CIV APP 56

**ENERGY EXCHANGER COMPANY and American Interstate Insurance Company, Petitioners,**

v.

**Terry HILL, Cust–O–Fab, Legion Insurance Company, Oklahoma Property & Casualty Guaranty Fund and the Workers' Compensation Court, Respondents.**

**No. 101,399.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 3, 2006.

Certiorari Denied May 1, 2006.

Bell, P.J., specially concurred and filed opinion.

Hansen, J., filed dissenting opinion.

John M. MacKenzie, MacKenzie & Whitten, Tulsa, OK, for Petitioners.

Larry C. Brawner, R. Dean Lott, Brawner Law Office, Oklahoma City, OK, for Respondents.

Opinion by LARRY JOPLIN, Judge:

¶ 1 Petitioners Energy Exchanger Company and American Interstate Insurance Company (Employer) seeks review of an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's award of benefits to Respondent Terry L. Hill (Claimant). In this proceeding, Employer complains the Workers' Compensation Court erred as a matter of law in apportioning liability for Claimant's cumulative trauma

hearing loss between it and Claimant's current employer, Cust–O–Fab, contrary to the express provisions of 85 O.S. § 11(B)(5).

¶ 2 Claimant, a welder, worked for Employer for over seventeen years. Claimant voluntarily resigned May 31, 2001. In June and July 2001, Claimant worked as a welder for Hughes–Anderson Heat Exchangers. Beginning August 1, 2001, Claimant went to work as a welder for Cust–O–Fab.

¶ 3 On October 26, 2001, Claimant filed his Form 3 to commence the instant proceeding, asserting cumulative trauma binaural hearing loss arising out of and in the course of his seventeen-year experience with Employer. In January 2002, Employer filed a Form 13, Motion to Join Additional Parties, seeking to join Hughes–Anderson Heat Exchangers and Cust–O–Fab as additional party-respondents. In May 2002, the trial court dismissed Hughes–Anderson Heat Exchangers from the action.

¶ 4 At trial in June 2004, Claimant testified that he appreciated some job-related hearing loss as early as the mid–1990's, but that he continued to be exposed to injurious noise levels throughout his tenure with Employer. Claimant admitted that his current employment with Cust–O–Fab was considerably quieter. Claimant admitted other exposures to noise, particularly, in a building explosion while in the armed forces, and in his non-job-related recreational activities.

¶ 5 In support of his claim, Claimant offered, and the trial court admitted, the deposition of an examining physician, Dr. Hastings. Based on his examination, and a review of periodic audiometric tests administered to Claimant beginning in 1988, Dr. Hastings found that Claimant suffered fifty-three percent (53%) binaural hearing loss with associated tinnitus, *all* causally related to his employment with Employer.

¶ 6 Claimant also offered, and the trial court admitted, an Abbreviated Sound Level Survey of Employer's workplace, conducted in 1990. That evidence showed a "significant elevation of noise level" in the workplace and recommended that "all employees throughout the shop area and assembly area wear hearing protection...."

¶ 7 In opposition to the claim, Employer offered, and the trial court admitted, the report of its examining physician, Dr. Pettigrew, who found that Claimant suffered thirty-nine and seven-tenths percent (39.7%) binaural hearing loss. However, Dr. Pettigrew opined that "ninety (90) percent of this impairment is a result of his employment for over twenty-five (25) years prior to being employed with Cust–O–Fab," and that, "[o]f the remaining ten (10) percent, ... eight (8) percent of this impairment is due to [non-job-related] outside noise exposure, ..., and ... two (2) percent ... due to his employment at Cust–O–Fab...."

¶ 8 Employer also introduced, and the trial court admitted, the report of another physician, Dr. Gillock, who opined that Claimant suffered thirty-four and seven-tenths percent (34.7%) binaural hearing loss. Dr. Gillock attributed "25% of this impairment (8.9% to the ears) to non-work related noise exposures," and the "remaining 75% of his hearing loss among ... (a) [Employer]—20% to the ears[;] (b) Hughes–Anderson—0% to the ears[;][and] (c) Cust–O–Fab—5.8% to the ears," with no "permanent partial impairment related to tinnitus."

¶ 9 On consideration of the evidence, the trial court awarded benefits for thirty-two percent (32%) binaural hearing loss, over and above five percent (5%) binaural hearing loss due to non-work-related exposures. However, the trial court apportioned liability for Claimant's hearing loss between Employer and Cust–O–Fab, reasoning:

> [T]he injurious exposure experienced by the [C]laimant while working for respondent, CUST–O–FAB, was not and is not of the same or similar severity to justify the application of 85 O.S. § 11(B)(5), which would in effect tag CUST–O–FAB with full liability fo[r] the cumulative trauma hearing loss alleged herein. Alternatively, ..., [C]laimant's date of injury was his legal awareness of a work related hearing loss in the early to mid 1990's, long before the statutory change in the law that is contained in 85 O.S. § 11(B)(5).

The trial court consequently held Employer "liable/responsible for 30 percent binaural hearing loss," and Cust–O–Fab "liable/re-

sponsible for 2 percent binaural hearing loss," "as a result of his work related, cumulative trauma hearing loss alleged herein." On Employer's petition for intra-court review, a three-judge panel unanimously affirmed the trial court's order as neither contrary to law nor against the clear weight of the evidence.

¶ 10 In its sole proposition of error to this Court, Employer asserts the Workers' Compensation Court erred as a matter of law in apportioning liability for Claimant's cumulative trauma hearing loss between it and Claimant's current employer, Cust–O–Fab. Here, Employer argues the express terms of 85 O.S. § 11(B)(5) impose liability for the full extent of disability attributable to cumulative trauma injuries on the employer in whose employ the claimant "was last injuriously exposed to the trauma during a period of at least ninety (90) days or more." So, says Employer, because Claimant worked for Cust–O–Fab for more than ninety (90) days during which he "was last injuriously exposed" to the trauma of that workplace, and because the medical evidence of both parties showed that Claimant suffered some hearing loss during his current employment with Cust–O–Fab, § 11(B)(5) imposed liability for *all* of Claimant's cumulative trauma hearing loss on Cust–O–Fab, and the Workers' Compensation Court erred as a matter of law in apportioning liability. *See, e.g., Celestica Inc. v. Hines*, 2004 OK CIV APP 22, 86 P.3d 1095.

¶ 11 Cust–O–Fab responds, asserting that Claimant became aware of his job-related hearing loss sometime in the mid 1990's, prior to enactment of § 11(B)(5), and that the law in effect at the time of Claimant's awareness of his job-related hearing loss controls the rights and obligations of the parties. *See, e.g., Cole v. Silverado Foods, Inc.*, 2003 OK 81, 78 P.3d 542; *CR Industries v. Dorsey*, 1998 OK 111, 970 P.2d 179; *Southwest United Industries v. Polston*, 1998 OK 78, 964 P.2d 210; *Rankin v. Ford Motor Co.*, 1996 OK 94, 925 P.2d 39. So, says Cust–O–Fab, because the law in effect at the time of Claimant's awareness permitted apportionment, and because the medical evidence supports some apportionment of liability be-

tween it and Employer, the order of the three-judge panel should be sustained.

¶ 12 Prior to enactment of § 11(B)(5), the Court of Civil Appeals recognized that, where a claimant suffered cumulative trauma injuries in successive employments, or while insured by successive insurers, apportionment of liability for the claimant's benefits was proper. *See, Ball–Incon Glass v. Adams*, 1995 OK CIV APP 16, 894 P.2d 439; *Kerr Glass Co. v. Wilson*, 1994 OK CIV APP 69, 880 P.2d 414; *Lummus Const. v. Vancourt*, 1992 OK CIV APP 113, 838 P.2d 43; *Pauley v. Lummus Const.*, 1992 OK CIV APP 96, 836 P.2d 692. However, effective October 23, 2001, the Oklahoma Legislature re-wrote 85 O.S. § 11, and subsection (B)(5) of § 11 now provides:

> Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier....

¶ 13 The Court of Civil Appeals has held that, by enactment of § 11(B)(5), "the Legislature intended to make the last exposure doctrine apply to cumulative trauma cases, both for determination of the date of injury and for the determination of the liable employer in cases of multiple employers." *Celestica Inc.*, 2004 OK CIV APP 22, ¶ 9, 86 P.3d at 1098. *Accord, OCT Equipment, Inc. v. Ferrell,* 2005 OK CIV APP 36, ¶ 7, 114 P.3d 479, 481, cert. den., 2005 OK 38; *Keco, Inc. v. Hayward,* 2005 OK CIV APP 53, ¶ 14, 123 P.3d 50, 53; *Anderson Mechanical, Inc. v. Spiegel,* 2005 OK CIV APP 60, ¶ 7, 119 P.3d 1287, 1289. "By force of [85 O.S. § 11(B)(5) ], where a claimant suffers a cumulative trauma injury in the course of his or her employment for a single employer, and is last injuriously exposed to the trauma 'during a period of at least ninety (90) days,' 'then "the insurance carrier ... on the risk when the employee was last so exposed ...

shall alone be liable, therefor, without right to contribution from any prior ... insurance carrier." ' " *Anderson Mechanical, Inc.,* 2005 OK CIV APP 60, ¶ 7, 119 P.3d at 1289; *OCT Equipment, Inc.,* 2005 OK CIV APP 36, ¶ 7, 114 P.3d at 481. " 'The insurer on the risk on the last day of exposure is solely liable if the claimant worked for a single employer for the 90 days prior to last exposure.' " *Anderson Mechanical, Inc.,* 2005 OK CIV APP 60, ¶ 7, 119 P.3d at 1289; *OCT Equipment, Inc.,* 2005 OK CIV APP 36, ¶ 10, 114 P.3d at 481.

■ ¶ 14 That said, however, it would appear that, if the proof demonstrates the job-related exposures to a risk of cumulative trauma injury in the last employment have not caused or contributed to the resulting disability, § 11(B)(5) would permit imposition of liability for the full extent of cumulative-trauma-related disability on the previous employer. In this, we are persuaded by the Oklahoma Supreme Court's analysis of 85 O.S. § 11(B)(4), which imposes liability on the last employer in occupational disease cases in the same way § 11(B)(5) imposes liability on the last employer in cumulative trauma cases:

.... Section 11(B)(4) places the burden on the claimant to show that the last exposure to harmful conditions caused or contributed to the injury. The last injurious exposure rule relieves the employee of proving the allocation of liability among successive employers and their insurance carriers.

In cases of occupational disease, a claimant may establish a presumptive date of last injurious exposure and, thus, the employer's and insurance carrier's presumptive liability by showing potentially causal conditions or contributory exposure at the employment. After an employee submits evidence of potentially causal conditions or contributory conditions at the employment, the burden of putting forth evidence shifts to the employer and insurance carrier. The employer may rebut the presumption by proof (1) that the conditions of the employment could not have possibly caused or exacerbated the disease or (2) that the disease was caused solely by the employment conditions at a previous em-

ployment, or for the insurance carrier, the conditions occurred during a time outside of its coverage. The burden of putting forth evidence then is placed back on the claimant to show that the last exposure caused or contributed to the injury.

*Heat Transfer & Equipment v. Cauthon,* 2004 OK 80, ¶¶ 12–13, 100 P.3d 722, 725–726.

■ ¶ 15 So, in cumulative trauma cases under § 11(B)(5), if the claimant demonstrates the last exposure to potentially causal or contributory conditions during a period of at least ninety (90) days in the latest employment, the claimant establishes the last employer's presumptive liability for the full extent of the cumulative-trauma-related disability. *Cauthon,* 2004 OK 80, ¶ 13, 100 P.3d at 726. The last employer, however, may avoid § 11(B)(5) liability by proof "that the conditions of the employment could not have possibly caused or exacerbated the" cumulative trauma related disability, or that the disability "was caused solely by the employment conditions at a previous employment." *Id.* Pursuant to the *Cauthon* analysis, the workers' compensation court could, in such a case, properly hold the previous employer liable for the full extent of a claimant's cumulative-trauma-related disability.

¶ 16 In the present case, Dr. Hastings attributed *all* of Claimant's hearing loss to the cumulative trauma suffered in Employer's workplace. Dr. Pettigrew and Dr. Gillock attributed *most* of Claimant's hearing loss to the cumulative trauma of Employer's workplace, but also *some* to Cust–O–Fab's workplace. The trial court found *some* of Claimant's hearing loss attributable to his employment with Cust–O–Fab, the trial court's finding in this respect is supported by competent evidence, and no party to his appeal challenges this finding.

■ ¶ 17 Moreover, the evidence is undisputed that Claimant worked for Cust–O–Fab for a period exceeding ninety days, during which he was exposed to the noise of that workplace, and which, according to the trial court's unchallenged finding, caused *some* hearing loss. Under these circumstances, § 11(B)(5) *required* the Workers' Compensation Court to enter an award for *all* of Claim-

ant's cumulative-trauma-related hearing loss against Cust–O–Fab, in whose employment Claimant was last hazardously exposed to the hearing-impairment-causing cumulative trauma for more than ninety days. Although the trial court was clearly concerned for the inequity of imposing liability on Cust–O–Fab for the full extent of the cumulative-trauma-related hearing loss given the evidence of nominal hearing loss during Cust–O–Fab's employment of Claimant, the terms of § 11(B)(5) are mandatory, and leave no room for apportionment of liability between the previous employer and the last employer.

¶ 18 We therefore hold the order of the three-judge panel, affirming the order of the trial court to apportion liability, is erroneous as a matter of law. The order of the three-judge panel is accordingly VACATED, and the cause REMANDED with instructions to enter an order holding Cust–O–Fab solely liable for all of Claimant's cumulative trauma hearing loss.

BELL, P.J., specially concurring:

I want to concur with the majority opinion because I believe this case results in the legislative intent of 85 O.S. § 11(B)(5). I feel like the result is unfair but my judicial hands are tied.

HANSEN, J., dissents with separate opinion.

CAROL M. HANSEN, Judge, dissenting:

¶ 1 I must respectfully dissent from that part of the majority's opinion which holds 85 O.S. § 11(B)(5) was applicable here. In my view, the Workers' Compensation Court correctly found § 11(B)(5) inapplicable. That subsection was not the law at the definitive time here, that is, "the early to mid 1990's", the time the Workers' Compensation Court found Claimant first became aware his injuries were employment related.

¶ 2 The majority's rationale for holding § 11(B)(5) applicable, and imposing the sole burden of liability on CUST–O–FAB, is that [1] CUST–O–FAB was Claimant's Employer during a period of more than ninety days when Claimant was last injuriously exposed, and [2] because cumulative trauma injuries are now governed by the date of the last trauma or hazardous exposure, rather than the "awareness doctrine", citing *Celestica, Inc., v. Hines,* 2004 OK CIV APP 22, 86 P.3d 1095.

¶ 3 My reasoning for dissent is set out more fully in my dissents in *Keco, Inc. v. Hayward,* 2005 OK CIV APP 53, 123 P.3d 50 and *Anderson Mechanical, Inc. v. Spiegel,* 2005 OK CIV APP 60, 119 P.3d 1287, both cited by the majority. In summary, I believe *Celestica, Inc. v. Hines* is both distinguishable on the facts and based on a faulty premise. The date of the claimant's awareness there was *after* the effective date of § 11(B)(5). Applying the awareness doctrine would not have changed the outcome under the facts in that case. Secondly, the *Hines* Court did not fully examine the impropriety of giving § 11(B)(5) retroactive effect.

¶ 4 It is well established in our Workers' Compensation jurisprudence that the law in effect on the date of injury "forms a portion of the contract of employment and determines the substantive rights and obligations of the parties." *Cole v. Silverado Foods, Inc.,* 2003 OK 81, 78 P.3d 542. Section 11(B)(5) was inapplicable to determine liability here because it was not in effect in the 1990's, when Claimant became aware of his work-related hearing loss and therefore the date of his injury.

¶ 5 The real question is whether retroactive application of § 11(B)(5) passes constitutional muster under the specific mandates of the Oklahoma Constitution. I believe it does not. In *Cole v. Silverado Foods,* 78 P.3d at 548, the Supreme Court stated:

The terms of Art. 5 § 54, Okl. Const., protect from legislative extinguishment by retroactive enactments "accrued" rights acquired or "proceedings begun" under a repealed or amended statute.

¶ 6 In *King Manufacturing v. Meadows,* 2005 OK 78, 127 P.3d 584, the Oklahoma Supreme Court recently reiterated its holding in *Cole* that the substantive rights and obligations of the parties are set at the time of injury. The Court held an award of permanent disability for a change in condition is governed by the statutory language in effect

at the time of the initial injury and that 85 O.S. Supp.1995 § 22(7) could not be applied retroactively to affect the amount of recoverable compensation, a substantive right. Similarly, under the law then in effect, the rights and obligations of the parties were established at the time Claimant became aware of his employment related hearing loss. As the majority notes, at that time apportionment between successive employers was proper.

¶ 7 I would hold that § 11(B)(5) may not be applied where, as here, the claimant's date of awareness predates the effective date of the statute. I would sustain the Workers' Compensation Court's order apportioning liability.