2006 OK CIV APP 81

**SOUTHERN MATERIAL HANDLING CO., and Fire & Casualty Insurance Company of Connecticut, Petitioners,**

v.

**Steve FALLING and the Workers' Compensation Court, Respondents.**

No. 102,091.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 8, 2006.

Rehearing Denied April 28, 2006.

Certiorari Denied June 26, 2006.

**839**

Jerrod Geiger, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Oklahoma City, OK, for Petitioners.

John D. Luton, Riggs, Abney, Neal, Turpen, Orbison & Lewis/Luton & Rackley, Muskogee, OK, for Respondents.

LARRY JOPLIN, Judge.

¶ 1 Petitioners Southern Material Handling Co. and Fire & Casualty Insurance Company of Connecticut (collectively, Employer) seek review of the trial court's order granting benefits to Respondent Steve Falling (Claimant) for a cumulative trauma injury to the shoulder, and denying Employer a credit for overpayment of some temporary total disability (TTD) benefits. In this proceeding, Employer complains the trial court erred in awarding benefits for the shoulder injury and denying credit because the uncontroverted evidence showed: (1) Claimant's last hazardous exposure to the risk of cumulative trauma injury for more than ninety days in a subsequent employment, thereby shifting liability for the shoulder injury to the subsequent employer under 85 O.S. 11(B)(5); and (2) Claimant's wage-earning employment by the subsequent employer during the periods for which TTD credit was denied.

¶ 2 Claimant worked for Employer, maintaining a fleet of forklifts. Claimant commenced the instant action, alleging job-relat-ed, cumulative trauma injuries to his left shoulder, left arm and both hands[1] while working for Employer, date of last hazardous exposure in February 2003. Claimant last worked for Employer in May 2003.

¶ 3 Claimant submitted to surgeries of both hands, the left in May 2003 and the right in July 2003. Claimant underwent surgery to his left shoulder in January 2004, and was released from treatment of the shoulder injury in September 2004. Employer paid benefits for the medical treatment of all injuries, and TTD from May 29, 2003 through August 14, 2004.

¶ 4 Claimant sought an adjudication of permanent partial disability (PPD) and need for vocational rehabilitation. Employer denied liability for the injury to shoulder, asserting aggravation of the condition during a period of more than ninety days in a subsequent employment, and the subsequent employer's sole liability under 85 O.S. 11(B)(5). Employer also sought a credit for overpayment of TTD for periods during which Claimant worked for the subsequent employer.

¶ 5 At trial, Claimant testified that he sustained cumulative trauma injuries to his hands, left arm and left shoulder while working for Employer, and that due to the injuries, treatment of the injuries and recovery, he could not and did not work for weeks or months at a time. Claimant admitted that he worked in a subsequent employment from July 2003 to November 2003, and after April 2004. However, Claimant asserted the subsequent employment was merely temporary and part-time, involved only light duties, and did not require any activity which aggravated his shoulder injury. Claimant explained that photographs purportedly showing him engaged in apparently strenuous activities while in the subsequent employment were staged publicity photos. The trial court admitted time records from Claimant's subsequent employment.

¶ 6 Claimant adduced competent medical evidence showing initial treatment of his shoulder injury, attributed to his work for Employer, prior to any subsequent employment. Claimant also offered competent med-

1. Specifically including Carpel Tunnel.

ical evidence demonstrating job-related injuries to both hands and left shoulder while working for Employer, consequent medical treatment, and evaluating extent of PPD. Employer offered competent medical evidence evaluating extent of PPD, but attributing one-half of the shoulder impairment to "the employment" and one-half to non-job-related degenerative changes.

¶7 On consideration of the evidence, the trial court awarded Claimant PPD benefits for the injuries to both hands and left shoulder. The trial court granted Employer credit for overpayment of TTD for the periods, July 28, 2003 to September 23, 2003, October 3, 2003 to November 20, 2003, and from April 1, 2004 to August 14, 2004, but denied Employer credit for the periods, November 20, 2003 to March 31, 2004, and September 24, 2004 to October 2, 2004. The trial court also rejected Employer's "Section 11(b) defense [a]s without merit."

¶8 In three propositions, Employer challenges that part of the trial court's order denying credit for overpayment of TTD, particularly in light of Claimant's admission to his subsequent employment. In its first proposition, Employer complains there is no competent evidence to support denial of credit for the period September 25, 2004 to October 2, 2004. In its second and third propositions, Employer complains Claimant failed to introduce any competent evidence of his incapacity or inability to earn wages for the period September 24, 2003 to October 3, 2003, and November 20, 2003 to March 31, 2004.

¶9 "An employer claiming credit for overpayment of temporary disability compensation has the burden of proof to establish the overpayment and its amount." *Zacharias v. Lancaster & Co., Inc.*, 2004 OK CIV APP 90, ¶9, 99 P.3d 267, 270. (Citations omitted.) To the extent the determination of credit for overpayment turns on the resolution of questions of fact, we review under the "any competent evidence" standard. *See, e.g., Gray v. Natkin Contracting*, 2001 OK 73, ¶¶18–19, 44 P.3d 547, 552–553; *Zacharias*, 2004 OK CIV APP 90, ¶10, 99 P.3d at 270.

¶10 As to the claim to credit for the period September 25, 2004 to October 2, 2004, Employer admits in its brief "[t]his errant finding was not an issue raised at trial," and offers neither argument nor authority in support of this proposition. We consequently treat this allegation as waived or abandoned. *See, e.g., Peters v. Golden Oil Company*, 1979 OK 123, ¶3, 600 P.2d 330, 331.

¶11 As to the denial of the claim to credit for the period September 24, 2003 to October 3, 2003, Employer asserts the trial court failed to rule on that part of the overpayment claim, so that part of the claim should be remanded for resolution. On this issue, we have reviewed the record. In support of the claim for overpayment, Employer offered Claimant's time records from his subsequent employment, but there is no time record showing that Claimant worked any of those eight days between September 24 and October 3. The burden was on Employer to demonstrate an overpayment for that week. Absent evidence that Claimant worked during that period, we cannot say the lower court erred in denying a credit for that period.

¶12 As to the denial of credit for overpayment for the period November 20, 2003 to March 31, 2004, Claimant testified and offered competent medical evidence demonstrating the active treatment and recovery from surgical treatment of the shoulder injury during this period. We find this evidence competent to support the denial of credit for this period.

¶13 In its last proposition, Employer argues that, because there is some evidence showing Claimant's performance of manual labor erecting a green house in the course of his subsequent employment, and because Claimant worked in the subsequent employment for more than ninety days, the subsequent employer bears liability for payment of benefits attributable to Claimant's shoulder injury under 85 O.S. 11(B)(5). Claimant responds, asserting that the uncontroverted evidence showed that Claimant sustained a cumulative trauma injury to his shoulder while working for Employer, and because there is

absolutely no evidence that Claimant was injuriously exposed to the risk of cumulative trauma injury to his shoulder in the subsequent employment, § 11(B)(5) does not apply and Employer bears responsibility for all Claimant's benefits.

¶14 Section 11(B)(5), 85 O.S. Supp.2003, provides:

> Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier....

The Court of Civil Appeals has held that, by enactment of § 11(B)(5), "the Legislature intended to make the last exposure doctrine apply to cumulative trauma cases, both for determination of the date of injury and for the determination of the liable employer in cases of multiple employers." *Celestica Inc. v. Hines*, 2004 OK CIV APP 22, ¶9, 86 P.3d 1095, 1098. *Accord, OCT Equipment, Inc. v. Ferrell*, 2005 OK CIV APP 36, ¶7, 114 P.3d 479, 481, cert. den., 2005 OK 38; *Keco, Inc. v. Hayward*, 2005 OK CIV APP 53, ¶14, 123 P.3d 50, 53; *Anderson Mechanical, Inc. v. Spiegel*, 2005 OK CIV APP 60, ¶7, 119 P.3d 1287, 1289. "By force of [85 O.S. 11(B)(5)], where a claimant suffers a cumulative trauma injury in the course of his or her employment for a single employer, and is last injuriously exposed to the trauma 'during a period of at least ninety (90) days,' 'then "the insurance carrier ... on the risk when the employee was last so exposed ... shall alone be liable, therefor, without right to contribution from any prior ... insurance carrier." ' " *Anderson Mechanical, Inc.*, 2005 OK CIV APP 60, ¶7, 119 P.3d at 1289; *OCT Equipment, Inc.*, 2005 OK CIV APP 36, ¶7, 114 P.3d at 481. " 'The insurer on the risk on the last day of exposure is solely liable if the claimant worked for a single employer for the 90 days prior to last exposure.' " *Anderson Mechanical, Inc.*, 2005 OK CIV APP 60, ¶7, 119 P.3d at 1289; *OCT Equip-*

*ment, Inc.*, 2005 OK CIV APP 36, ¶10, 114 P.3d at 481.

¶15 That said, however, it would appear that, if the proof demonstrates the job-related exposures to a risk of cumulative trauma injury in the last employment have not caused or contributed to the resulting disability, § 11(B)(5) would permit imposition of liability for the full extent of cumulative-trauma-related disability on the previous employer. In this, we are persuaded by the Oklahoma Supreme Court's analysis of 85 O.S. 11(B)(4), which imposes liability on the last employer in occupational disease cases in the same way § 11(B)(5) imposes liability on the last employer in cumulative trauma cases:

> .... Section 11(B)(4) places the burden on the claimant to show that the last exposure to harmful conditions caused or contributed to the injury. The last injurious exposure rule relieves the employee of proving the allocation of liability among successive employers and their insurance carriers.
>
> In cases of occupational disease, a claimant may establish a presumptive date of last injurious exposure and, thus, the employer's and insurance carrier's presumptive liability by showing potentially causal conditions or contributory exposure at the employment. After an employee submits evidence of potentially causal conditions or contributory conditions at the employment, the burden of putting forth evidence shifts to the employer and insurance carrier. The employer may rebut the presumption by proof (1) that the conditions of the employment could not have possibly caused or exacerbated the disease or (2) that the disease was caused solely by the employment conditions at a previous employment, or for the insurance carrier, the conditions occurred during a time outside of its coverage. The burden of putting forth evidence then is placed back on the claimant to show that the last exposure caused or contributed to the injury.

*Heat Transfer & Equipment v. Cauthon*, 2004 OK 80, ¶¶12–13, 100 P.3d 722, 725–726.

■ ¶16 So, in cumulative trauma cases under § 11(B)(5), if the claimant demonstrates the last exposure to potentially caus-

al or contributory conditions during a period of at least ninety (90) days in the latest employment, the claimant establishes the last employer's presumptive liability for the full extent of the cumulative-trauma-related disability. *Cauthon*, 2004 OK 80, ¶ 13, 100 P.3d at 726. The last employer, however, may avoid § 11(B)(5) liability by proof "that the conditions of the employment could not have possibly caused or exacerbated the" cumulative-trauma-related disability, or that the cumulative-trauma-related disability "was caused solely by the employment conditions at a previous employment." *Id.* Pursuant to the *Cauthon* analysis, the workers' compensation court could, in such a case, properly hold the previous employer liable for the full extent of a claimant's cumulative-trauma-related disability.

¶ 17 In the present case, Claimant testified he was not exposed to the risk of cumulative trauma injury to his shoulder in his subsequent employment. Claimant also testified the photographs offered by Employer to show otherwise were staged. Claimant adduced competent medical evidence attributing cause of his shoulder injury to his work for Employer. Employer offered competent medical evidence attributing cause of part of the shoulder impairment to "the employment" based on Claimant's reported history of injury while working for Employer.

¶ 18 The trial court rejected Employer's "Section 11(b) defense" and held Employer solely liable for the benefits payable to Claimant for the cumulative trauma injury to his left shoulder. We find competent testimony and medical evidence to support the conclusion that Claimant sustained no aggravation of his cumulative trauma shoulder injury in the subsequent employment, and all of Claimant's left shoulder impairment was attributable to the cumulative trauma injury sustained while working for Employer. The order of the Workers' Compensation Court is therefore SUSTAINED.

BELL, P.J., concurs, and HANSEN, J., concurs in result.